UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CYNTHIA HINE and
KEVIN HINE

                           Plaintiffs,

v.                                              Civil Action No. _____

STEPHENS & MICHAELS ASSOCIATES, INC.,

                           Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiffs Cindy Hine and Kevin Hine are natural persons residing in the County of Erie and State of New York and are "consumers" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Stephens & Michaels Associates, (hereinafter "Stephens") is a foreign business corporation organized and existing under the laws of the State of New Hampshire and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff Kevin Hine incurred debt to the Kubota Tractor Corporation. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief, Defendant was employed by Kubota to collect on the subject debt.

13. That in or about May, 2009, Plaintiff Cynthia Hine had her first contact with Defendant. Plaintiff spoke with a representative named Jeff Fryou at Defendant's office, who acted in a way that gave Plaintiff the impression that Defendant was a lawyer. When Plaintiff Cindy Hine inquired more about Mr. Fryou's position and duties at Stephens & Michaels Associates, Defendant refused and became very aggressive and rude. Defendant stated "Is that enough answers for you? Are you writing a report?" Defendant would not admit or deny if he was a debt collector, and would only say he was working for attorneys, Stephens & Michaels.

14. That on or about May, 2009, Defendant called the home of Plaintiff Kevin Hine's 87 year old mother. Defendant spoke with Plaintiff Kevin Hine's sister who happened to be at her mother's home that day. Defendant told Plaintiff's sister that attorneys Stephens & Michaels were looking for him and left a number for him to contact them.

15. That in or about May, 2009, Plaintiff Kevin Hine received the message from his sister to call Defendant. Plaintiff Kevin Hine called Defendant and spoke to a representative. During the aforementioned conversation Defendant threatened to have Plaintiff Kevin Hine arrested.

16. That on or about May, 2009 Defendant called Plaintiff Kevin Hine's cell phone several times to collect on the subject debt. That Defendant left multiple messages on Plaintiff's voice messaging system. That in one such message Defendant states they are "looking for a response or we will have to start proceedings." That Plaintiff Kevin Hine understood Defendant's aforementioned statements, and the "least sophisticated consumer", as that term is defined by law, would have understood said statements to imply that Defendant would commence legal/adverse actions against Plaintiff or his/her

property unless Plaintiff submitted to Defendant's demands, including calling back before the deadlines arbitrarily set by Defendant.

17. That as a result of Defendant's acts, Plaintiffs became nervous, upset, anxious, and suffered from emotional distress.

### V. CAUSE OF ACTION

18. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 17 above.

19. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(3), 15 U.S.C. §1692e(10), 15 U.S.C. §1692e(11), and 15 U.S.C. §1692f by during the first communication holding himself out to be an attorney and for failing to give the required mini-Miranda warning. Such a false representation is an unfair and unconscionable attempt to collect a debt.

    B. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by stating "Is that enough answers for you? Are you writing a report?" The natural consequence of such language is to abuse, harass, and oppress the Plaintiff.

    C. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiff's telephone to ring with the intent to annoy, abuse or harass.

    D. Defendant violated 15 U.S.C. §1692d, 15 U.S.C. §1692d(2), 15 U.S.C. §1692e(4), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(7), and 15 U.S.C. §1692e(10) by stating Defendant will have Plaintiff Kevin Hine arrested in an attempt to disgrace the consumer, inferring that he committed a crime  The natural consequence of such language was to harass, oppress, and abuse the Plaintiff. Furthermore Defendant had neither the legal authority nor the intent to take such actions, and made a false representation in an unfair unconscionable attempt to collect the subject debt.

    E. Defendant violate 15 U.S.C. §1692e, 15 U.S.C. §1692e(4), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), and 15 U.S.C. §1692f by stating in voicemails that Defendant is "looking for a response or we will have to start proceedings." That Plaintiff understood Defendant's aforementioned statements, and the "least sophisticated consumer", as that term is defined by law, would have understood said statements to imply that Defendant would commence legal/adverse actions against Plaintiffs or his/her property unless Plaintiffs submitted to Defendant's demands, including calling back before the deadlines arbitrarily set by Defendant. In threatening such actions Defendant had neither the legal authority nor the intent

3

to take such actions, and was a false representation in an unfair, unconscionable attempt to collect the subject debt.

20. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiffs became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

### VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: September 28, 2009

/s/ Kimberly T. Irving
Kenneth R. Hiller, Esq.
Kimberly T. Irving, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiffs*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
kirving@kennethhiller.com